IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERSON MOTORS, INC,

        Plaintiff,

    v.

COOPER LIGHTING, LLC, SONEPAR
MANAGEMENT US, INC., EOFF
ELECTRICAL SUPPLY CO., NORTH
COAST ELECTRIC COMPANY, AND
SOLUS, INC.,

        Defendants.

Case No. 6:20-cv-02115-MC

OPINION AND ORDER

**MCSHANE, Judge**:

      Plaintiff Roberson Motors brings one claim for breach of the duty of good faith and fair dealing against Defendant Solus, Inc., for refusing to repair, replace, or fix Plaintiff's defective lighting system. Pl.'s Am. Compl. ¶ 48, ECF No. 9. Plaintiff alleges that Solus "unreasonably delayed the resolution process for four years, which caused Plaintiff to suffer additional economic damages in the form of increased electricity costs and prevented Plaintiff from making reasonable efforts to reduce any continuing damages." *Id.* Solus moves to dismiss this claim under Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) Plaintiff cannot state a valid cause of action against Solus; and (2) Solus was fraudulently joined as a defendant for the purpose of defeating diversity jurisdiction. For the reasons discussed below, Solus's motion to Dismiss is GRANTED.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff, an Oregon corporation with its principal place of business in Marion County, Oregon, purchased a lighting control system from Defendant North Coast Electric Company. Pl.'s Am. Compl. ¶ 10. Due to North Coast Electric's inability to provide the lighting control system's "dimming feature," Plaintiff "agreed to subcontract with Defendant Solus for the lighting system." *Id.* North Coast Electric and Solus originally the lighting control system from Defendant Cooper Lighting, LLC, who provided a warranty. Pl.'s Am. Compl. ¶ 11.

Immediately upon installation of the system, Plaintiff noticed defects involving the motion sensor feature and lighting fixtures. Pl.'s Am. Compl. ¶ 16. After Plaintiff reported the issues, North Coast Electric and Solus "admitted to Plaintiff that there was a 90% failure rate with the lighting system because they outsourced the controls." Pl.'s Am. Compl. ¶ 18. Cooper Lighting offered to replace the defective control drives and fixtures, but that did not lead to the resolution of Plaintiff's issues. *Id.* Over the next four years, Plaintiff attempted to fix the defective system with the aid and support of Cooper Lighting, North Coast Electric, EOFF Electric Supply Co., and Solus. Pl.'s Am. Compl. ¶ 19. However, Defendants "were unwilling to repair the lighting system, replace the lighting system, or fully reimburse Plaintiff for the lighting system." *Id.* Plaintiff estimates that it is entitled to $530,024.30 in damages that stem from: the original defective lighting system; increased electricity costs; replacing the faulty lighting system; and paying for new installation. Pl.'s Am. Compl. ¶¶ 21-22.

In December 2020, Cooper Lighting removed this action to federal court. Notice of Removal, ECF No. 1. After not being named in the original complaint, Plaintiff named Solus as a defendant in the amended complaint filed in March 2021. Pl.'s Am. Compl. ¶ 48. Solus, located in Oregon, with its principal place of business in Portland, Oregon, alleges that it was

2 – OPINION AND ORDER

fraudulently joined as a defendant and moves the Court to dismiss it under Fed. R. Civ. P. 12(b)(6).[1] Def.'s Mot. Dismiss. 2, ECF No. 35. Specifically, Solus argues that Plaintiff joined Solus to defeat diversity jurisdiction and that Plaintiff cannot establish a breach of good faith and fair dealing cause of action against Solus. *Id.* In the alternative, Solus argues that even if Plaintiff could establish a claim for breach of good faith and fair dealing, the claim is barred by the applicable statute of limitations. *Id.*

## **STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

In determining if joinder is fraudulent or not, the court may look beyond the pleadings. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1064,1067-68 (9th Cir. 2001) (looking to affidavit defendant submitted to establish fraudulent joinder). The court looks at the provided evidence to assess if the non-diverse defendant has "no real connection with the controversy." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). If a plaintiff cannot state a cause of action against a resident defendant joined into the action, joinder is fraudulent and the court "may ignore the presence of that defendant for the purpose of establishing diversity." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Absent fraud in the pleadings, joinder is fraudulent when Plaintiff

---

[1] Regarding the Court's diversity jurisdiction, Solus is the only non-diverse Defendant.

3 – OPINION AND ORDER

lacks the ability "to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1044).

## DISCUSSION

Plaintiff alleges that it has a valid contract with Solus. Pl.'s Am. Compl. ¶ 47. However, Plaintiff also alleges it purchased the $137,000 lighting system from North Coast Electric. Pl.'s Am. Compl. ¶ 10. Plaintiff then alleges that when North Coast Electric's system did not have a dimming feature, "Plaintiff agreed to subcontract with Defendant Solus for the lighting system." Pl.'s Am. Compl. ¶ 10.

As noted, the Court may look beyond the pleadings when considering a motion for fraudulent joinder. *Morris*, 236 F.3d at 1067-68. Solus's President submitted a declaration stating that "Solus did not have a contract, subcontract, or other agreement with [Plaintiff] related to [Plaintiff's] purchase and installation of a lighting system at its dealership." Borrelli Decl. ¶ 3. The President states that not only did Solus not have any agreement with Plaintiff regarding the lighting system, "Solus did not communicate directly with Roberson or make any express representations or promises to Roberson prior to Roberson's purchase of the lighting system." Borrelli Decl. ¶ 4.

Plaintiff fails to provide any evidence, outside of the general allegations in its Amended Complaint, demonstrating that a contract between itself and Solus ever existed. One would think a purchase of a six-figure lighting system would be accompanied by some written document. As Plaintiff provides no evidence to rebut the sworn declaration of Solus's President, Plaintiff does not establish it had a valid contract with Solus. Because Plaintiff's breach of good faith and fair dealing claim against Solus depends on a valid contract, if Plaintiff lacked a valid contract with

4 – OPINION AND ORDER

Solus, Plaintiff's lone claim against Solus would fail. *See Uptown Heights Associates Ltd. Partnership v. Seafirst Corp.*, 320 Or. 638, 648-49 (1995) (noting claim for breach of good faith and fair dealing requires a contract or special relationship between the parties).

Plaintiff argues that under the UCC, a contract exists even absent any written document "With respect to goods for which payment has been made and accepted or which have been received and accepted in accordance with ORS 72.6060." Pl.'s Resp. 5; ECF No. 46 (quoting ORS 72.2010(3)(c). Assuming, without deciding, that Plaintiff paid for goods provided by Solus, the transaction is subject to the UCC's four-year statute of limitations. ORS § 72.7250(1). Plaintiff did not file its amended complaint joining Solace until March 19, 2021. Pl.'s Am. Compl. 1. Defendant submitted evidence demonstrating that the lighting system was in use no later than December of 2015. Cramer Decl. 16, ECF No. 15. Therefore, absent any further evidence from Plaintiff, the four-year statute of limitations for breach of contract ran no later than December 2019.

In support of its argument that the statute of limitations did not start to run until April 2016, Plaintiff provided a receipt of light poles received that month from AC&E. Vejar Decl. 13, ECF No. 36. However, AC&E is not a party in this action, and evidence indicating Plaintiff received goods from a third party in April 2016 does not demonstrate Plaintiff purchased good from Solus at that time. Based on this record, Plaintiff's claim for breach of the duty of good faith and fair dealing as to Solus accrued no later than December 2015, when the lighting system, allegedly provided by Solus, was in use. *Id.* At this time, there is no evidence in the record that Solus provided any goods to Plaintiff after December 2015 that would qualify as a valid contract under the UCC and therefore fall under the four-year statute of limitations.

## CONCLUSION

For the reasons discussed above, Defendant's motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and Fraudulent Joinder, ECF No. 35 is GRANTED. Plaintiff requests leave to amend to allege additional factual allegations demonstrating Solus "had a valid contract with Plaintiff and the purchase occurred on or around April 2016." Resp. 9. The Court does not understand why, if Plaintiff had additional evidence or allegations demonstrating it purchased goods (as defined under the UCC) from Solus in April 2016, Plaintiff would not include that evidence in response to Solus's motion to dismiss for fraudulent joinder. Nonetheless, given the low bar for granting leave to amend, the Court will grant Plaintiff one additional opportunity to demonstrate it had a valid contract with Solus and, if so, that any claim for breach of good faith and fair dealing filed in March 2021 falls within the statute of limitations. Any amended complaint regarding the claim for breach of good faith and fair dealing as to Solus is due within 30 days.

IT IS SO ORDERED.

DATED this 10th day of December, 2021.

_____/s/ Michael J. McShane_____<br>
Michael McShane<br>
United States District Judge